**THE HAHN LEGAL GROUP**<sup>APC</sup>
ADRIENNE R. HAHN, SBN 136569
ahahn@hahnlegalgroup.com
SAMANTHA D. LEVAK, SBN 336853
slevak@hahnlegalgroup.com
2121 Rosecrans Avenue, Suite 4300
El Segundo, California 90245
T:(310)706-3400/F:(310)706-3440

Attorneys for Plaintiff,
BREAHNA GREEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BREAHNA GREEN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, CHRISTINA BRYANT and DOES 2-50, inclusive, <br><br> Defendants. | CASE NO:  2:26-cv-01842 <br><br> **COMPLAINT FOR DAMAGES** <br> 1. **ADA and SECTION 504 OF THE REHABILITATION ACT - FAILURE TO REASONABLY ACCOMMODATE (VIOLATION OF 42 U.S.C. § 12101** *et seq.* **Ad 29 U.S.C. § 794 )** <br> 2. **ADA and SECTION 504 OF THE REHABILITATION ACT - DISABILITY DISCRIMINATION (VIOLATION OF 42 U.S.C. § 12101** *et seq.* **And 29 U.S.C. § 794 )** <br> 3. **DISCRIMINATION IN BUSINESS ESTABLISHMENT (VIOLATION OF *CALIFORNIA CIVIL CODE* § 51)** <br> 4. **DEPRIVATION OF FEDERAL RIGHTS (VIOLATION OF 42 U.S.C. § 1983)** <br> 5. **NEGLIGENT HIRING, RETENTION, SUPERVISION AND TRAINING** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

//

Plaintiff BREAHNA GREEN alleges as follows:

## INTRODUCTION

1. Los Angeles Harbor College ("LAHC") is a public community college in Los Angeles, California, that is part of the LOS ANGELES COMMUNITY COLLEGE DISTRICT.

2. LOS ANGELES COMMUNITY COLLEGE DISTRICT and individual personnel, including CHRISTINA BRYANT, have engaged in intentional acts of discrimination on the basis of disability, in relation to BREAHNA GREEN, including a failure to reasonably accommodate her and a failure to properly investigate and respond to her complaints and/or grievances. Moreover, LAHC and LOS ANGELES COMMUNITY COLLEGE DISTRICT, business establishments, have denied BREAHNA GREEN full and equal accommodations, advantages, facilities, privileges, and services because of her disability. LAHC and LOS ANGELES COMMUNITY COLLEGE DISTRICT maintained a policy, custom and practice of failing to reasonably accommodate disabled students and failing to properly investigate and respond to their complaints and/or grievances.

3. The conduct of the LOS ANGELES COMMUNITY COLLEGE DISTRICT and CHRISTINA BRYANT were substantial factors in causing harm to BREAHNA GREEN.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the present matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims for failure to reasonably accommodate and disability discrimination arise under the laws of the United States, including 42 U.S.C. § 12101 *et seq.* (the Americans with Disabilities Act, "ADA") and 29 U.S.C. § 794 (Section 403 of the Rehabilitation Act).

5. This Court has personal jurisdiction over Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT because LOS ANGELES COMMUNITY

COLLEGE DISTRICT has minimum contacts with the forum state, rendering exercise of jurisdiction by the District Courts of California over this defendant proper.

6. This Court has personal jurisdiction over Defendant CHRISTINA BRYANT because CHRISTINA BRYANT has minimum contacts with the forum state, rendering exercise of jurisdiction by the District Courts of California over this defendant proper.

7. The United States District Court for the Central District of California is the proper venue for this dispute to be adjudicated, as all of the relevant events took place within the Central District of California. Moreover, all defendants reside in this district.

## PARTIES

8. Plaintiff BREAHNA GREEN is a citizen and resident of California and was a student in LOS ANGELES COMMUNITY COLLEGE DISTRICT at all times relevant to this Complaint.

9. Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT is a public entity in Los Angeles, California operating under the laws of the State of California.

10. At all times herein mentioned, Defendant CHRISTINA BRYANT was an instructor employed by LOS ANGELES COMMUNITY COLLEGE DISTRICT.

11. At all times herein mentioned, Defendant CHRISTINA BRYANT was acting as an agent of LOS ANGELES COMMUNITY COLLEGE DISTRICT.

12. At all times herein mentioned, Defendant CHRISTINA BRYANT was acting within the course and scope of her employment with LOS ANGELES COMMUNITY COLLEGE DISTRICT.

13. LOS ANGELES COMMUNITY COLLEGE DISTRICT hired Defendant CHRISTINA BRYANT.

//

14. LOS ANGELES COMMUNITY COLLEGE DISTRICT retained Defendant CHRISTINA BRYANT at all times herein mentioned.

15. At all times herein mentioned, Defendant CHRISTINA BRYANT was supervised and trained by LOS ANGELES COMMUNITY COLLEGE DISTRICT.

16. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 2 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when the same have been fully ascertained.

## GENERAL ALLEGATIONS

17. LAHC is a public community college within the LOS ANGELES COMMUNITY COLLEGE DISTRICT. At all relevant times, BREAHNA GREEN was a student at LAHC in the Nursing Program.

18. LAHC nominally, as stated on its website, "is committed to creating and maintaining a welcoming and inclusive education and working environment for people of all abilities. . . no qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of Los Angeles Harbor College, or be subjected to discrimination. Los Angeles Harbor College requires that a reasonable accommodation be made for participation in and equal access to all programs, services, activities, or facilities . . . ." This purported commitment is reiterated in the LAHC Associate Degree Nursing Program Student Handbook.

19. BREAHNA GREEN has a documented history of excelling in her

educational programs. She was a top-performing student on the Dean's List. BREAHNA GREEN was selected to represent LAHC in public promotions and was considered an outstanding student. In fact, BREAHNA GREEN was selected to have her photograph placed on a billboard for LAHC but ultimately, she was not chosen.

20. On or about February 3, 2022, BREAHNA GREEN submitted an Application for Services to the LAHC Special Programs & Services Office ("SPS") and indicated that she required reasonable accommodations due to a primary disability falling under the category of mental health. She was approved that same day for extended test time, Reduced-Distraction test location, note-taker, audio-recording, tutoring, priority registration, reduced course load/unit, and preferential seating. It was also determined that BREAHNA GREEN was unable to take examinations in a traditional manner/time/location.

21. In fall 2023, BREAHNA GREEN was enrolled in Nursing 325. In that class, an exam was scheduled for October 23, 2023. Five days before the exam, pursuant to the LAHC requirements, BREAHNA GREEN contacted SPS and scheduled an appointment regarding her accommodations. She also submitted the required DSPS Accommodation Form. Defendant CHRISTINA BRYANT failed to complete the necessary approval for BREAHNA GREEN's accommodations, such that BREAHNA GREEN was forced to take the exam without the required and previously approved accommodations in place.

22. Prior to the exam, BREAHNA GREEN contacted Defendant CHRISTINA BRYANT, who was her instructor in the class. BREAHNA GREEN asked Defendant CHRISTINA BRYANT if she would be taking the exam in the SPS office, where she had taken every other exam for the Nursing Program. Defendant CHRISTINA BRYANT told BREAHNA GREEN to cancel her appointment with the SPS office and informed her that she would likely be taking the Nursing 325 exam in the Skills Nursing Lab. Defendant CHRISTINA BRYANT assured BREAHNA

GREEN that she would confirm the location of the exam and that the new exam room would meet all of BREAHNA GREEN's needs, and that all future exams would take place in the SPS office.

23. On October 23, 2023, the date of the Nursing 325 exam, Defendant CHRISTINA BRYANT admitted to all four SPS students in the exam room that she had not submitted any of their accommodation requests to the SPS office. She told the students that the faculty must request the accommodations each semester. Defendant CHRISTINA BRYANT failed to complete the necessary paperwork and submit the information to the SPS office before the semester, or, indeed, ever, thereby denying BREAHNA GREEN access to her reasonable accommodations.

24. Rather than rectifying these failings, Defendant CHRISTINA BRYANT forced BREAHNA GREEN to take the exam in the Nursing 325 Skills Nursing Lab, which was wholly inappropriate as a testing location. The room was disruptive due to two adjacent classrooms, which emitted loud noises. In fact, the noise was so loud that Defendant CHRISTINA BRYANT addressed the two other classrooms, requesting that they quiet down.

25. This loud and disruptive atmosphere stood in stark contrast to BREAHNA GREEN's listed accommodations, including "Reduced-Distraction test location."

26. On or about October 23, 2023, BREAHNA GREEN submitted a request for a leave of absence due to the stress from the Nursing 325 exam along with a medical emergency that she had been experiencing. On October 30, 2023, LAHC denied BREAHNA GREEN's request for a leave of absence allegedly based on lack of sufficient documentation. LAHC did not engage in an interactive dialogue with BREAHNA GREEN regarding her request, but instead met without her present, denied her request, and failed to enumerate specifically what documentation was required. On November 17, 2023, LAHC again denied BREAHNA GREEN's request for a leave of absence, alleging that the letter submitted by David T. Gatta, Psy. D. was unacceptable

to them based upon the false premise that "medical conditions are not in the scope of practice for a clinical psychologist." Finally, over one month after the initial request, BREAHNA GREEN's leave of absence request was approved on November 28, 2023. As a result, BREAHNA GREEN was inappropriately forced to attend hospital obligations and complete homework assignments for over a month while LAHC made her jump through hoops to obtain approval for a well-founded leave of absence request.

27. On October 30, 2023, a meeting was held with the SPS Office and the Nursing Department to address BREAHNA GREEN's grade grievance and concerns with her accommodations at the Nursing 325 exam. BREAHNA GREEN was not allowed to attend the meeting. She was informed after the fact that Defendant CHRISTINA BRYANT took the position that no other students had a problem with the exam.

28. Because of BREAHNA GREEN's complaint to the SPS office after the Nursing 325 exam, another meeting was scheduled to discuss the exam and the school's failure to provide accommodations. Yet again, BREAHNA GREEN was not allowed to attend, and a similar rhetoric was communicated to her that no other students had reported issues with noise from the exam. In addition, LAHC instructors claimed they could not help BREAHNA GREEN with these issues because she had requested a medical Leave of Absence. However, this was false, as BREAHNA GREEN's Leave of Absence was not approved until November 28, 2023, after the date of the meeting.

29. On November 2, 2023, Ms. Green attended a meeting with Juan Baez, Vice President of Academic Affairs. Mr. Baez assured Ms. Green that he would investigate the failure to provide accommodations for the Nursing 325 exam. On November 25, 2023, Ms. Green followed up with Mr. Baez regarding the meeting on November 2, 2023, and her concerns with her Nursing 325 exam and the failure to provide accommodations. Mr. Baez never responded.

//

7
**COMPLAINT FOR DAMAGES**

30. On November 28, 2023, BREAHNA GREEN filed an ADA complaint with the Dean of Disabled Student Programs and Services and the Americans with Disabilities Act Coordinator Mercedes Yanez. Dean Yanez stated that she would investigate but failed to do so. Instead, there was no response from Dean Yanez until more than four months later, and only then in response to BREAHNA GREEN's follow-up communication. Dean Yanez's response on April 9, 2024, did not discuss any investigation but simply stated that the issue had already been addressed and therefore Dean Yanez did not go through the usual policy process.

31. On January 25, 2024, a "Success Meeting" was held in preparation for BREAHNA GREEN's return from her Leave of Absence. At that meeting, when BREAHNA GREEN attempted to address her concerns regarding the failure to accommodate and subsequent results, her concerns were ignored and/or dismissed.

32. During BREAHNA GREEN's Leave of Absence from December 1, 2023, through March 1, 2024, she was nonetheless told that she was required to be present at the school for class meetings, clinical orientations, and homework assignments.

33. On April 10, 2024, BREAHNA GREEN took another Nursing 325 exam and received a failing grade on the exam. She was told that she was being dismissed from the Nursing Program for failing two exams - even though one of the two exams at issue was the October 23, 2023, exam where the school failed to provide the appropriate accommodations. BREAHNA GREEN submitted a Grievance Form to Dean Yanez but received no response. She also submitted a Grade Grievance Form to ombudsperson Dawn Reid, but a hearing was never conducted.

34. BREAHNA GREEN filed a claim for damages with the LOS ANGELES COMMUNITY COLLEGE DISTRICT on June 13, 2025. LOS ANGELES COMMUNITY COLLEGE DISTRICT accepted BREAHNA GREEN'S claim as to "those portions of the claim that were not presented within six months after the event or occurrence . . ." and rejected BREAHNA GREEN's claim for damages that accrued

"as to those portions of the claim that were not presented within six months after the event or occurrence . . . ."

35. The purported denial of BREAHNA GREEN's claim as to claims which accrued on or before "six months after the event or occurrence" fails due to the delayed discovery rule. Indeed, as detailed herein, numerous facts were withheld and/or concealed from BREAHNA GREEN by Defendants, and the damages to BREAHNA GREEN were not immediate, but instead escalated over an extended period. Moreover, a Government Claim Form was not required as to many of the claims alleged herein.

## FIRST CAUSE OF ACTION

## ADA and SECTION 504 OF THE REHABILITATION ACT - FAILURE TO REASONABLY ACCOMMODATE

## (VIOLATION OF 42 U.S.C. § 12101 *et seq.*, AND 29 U.S.C. § 794 )

## (Against LOS ANGELES COMMUNITY COLLEGE DISTRICT, CHRISTINA BRYANT, and DOES 2-50)

36. Plaintiff BREAHNA GREEN re-alleges and re-incorporates by reference all of the preceding allegations in ¶¶1-35, supra.

37. BREAHNA GREEN is a qualified individual with a disability that substantially impacts her major life activities, and Defendants were aware of Plaintiff's disability.

38. LOS ANGELES COMMUNITY COLLEGE DISTRICT is and at all relevant times was an educational program and a public entity receiving federal financial assistance.

39. BREAHNA GREEN, at all times relevant to this Complaint, was a student at LAHC, a public community college, within LOS ANGELES COMMUNITY COLLEGE DISTRICT.

40. As described above, Defendants excluded Plaintiff from participation in or denied Plaintiff the benefits of its educational programs by reason of disability.

Defendants failed to provide reasonable accommodations and failed to engage in an interactive process regarding BREAHNA GREEN's request for reasonable accommodations. As a result, BREAHNA GREEN was unable to safely attend school and was excluded from educational programs and services.

41. The failure to reasonably accommodate included, but was not limited to, the denial of reasonable accommodations during the October 23, 2023, Nursing 325 exam, and all sequelae thereof. Indeed, LAHC refused to engage in an interactive dialogue with BREAHNA GREEN's October 23, 2023, request for a leave of absence, instead repeatedly denying her request for over a month.

42. Defendants' failure to reasonably accommodate was intentional, willful, and demonstrated deliberate indifference to BREAHNA GREEN's federally protected rights.

43. The conduct of Defendants was a substantial factor in causing damages to BREAHNA GREEN, including educational harm, emotional distress, loss of future earnings, and ongoing damages.

## SECOND CAUSE OF ACTION

## ADA and SECTION 504 OF THE REHABILITATION ACT- DISABILITY DISCRIMINATION

## (VIOLATION OF 42 U.S.C. § 12101 *et seq.*, and 29 U.S.C. § 794 )

## (Against LOS ANGELES COMMUNITY COLLEGE DISTRICT, CHRISTINA BRYANT, and DOES 2-50)

44. Plaintiff BREAHNA GREEN re-alleges and re-incorporates by reference all of the preceding allegations in ¶¶1-44, *supra.*

45. BREAHNA GREEN is a qualified individual with a disability which substantially impacts her major life activities, and Defendants were aware of Plaintiff's disability.

46. LOS ANGELES COMMUNITY COLLEGE DISTRICT is and at all

relevant times was an educational program and a public entity receiving federal financial assistance.

47. BREAHNA GREEN, at all times relevant to this Complaint, was a student at LAHC, a public community college, within LOS ANGELES COMMUNITY COLLEGE DISTRICT.

48. As described herein, Defendants discriminated against BREAHNA GREEN solely by reason of her disability. This discrimination included, but was not limited to, the failure to reasonably accommodate her and the failure to properly investigate her complaints and/or grievances regarding the lack of reasonable accommodations.

49. Defendants' discriminatory conduct was intentional, willful, and demonstrated deliberate indifference to BREAHNA GREEN's federally protected rights.

50. The conduct of Defendants was a substantial factor in causing damages to BREAHNA GREEN, including educational harm, emotional distress, loss of future earnings, and ongoing damages.

## THIRD CAUSE OF ACTION

## DISCRIMINATION IN BUSINESS ESTABLISHMENT (VIOLATION OF *CALIFORNIA CIVIL CODE* § 51)

## (against LOS ANGELES COMMUNITY COLLEGE DISTRICT and DOES 2-50)

51. Plaintiff BREAHNA GREEN re-alleges and re-incorporates by reference all of the preceding allegations in ¶¶1-50, supra.

52. BREAHNA GREEN is a qualified individual with a disability, and Defendants were aware of Plaintiff's disability.

53. LOS ANGELES COMMUNITY COLLEGE DISTRICT is and at all relevant times was an educational program and a public entity receiving federal

financial assistance.

54. BREAHNA GREEN, at all times relevant to this Complaint, was a student at LAHC, a public community college, within LOS ANGELES COMMUNITY COLLEGE DISTRICT.

55. LOS ANGELES COMMUNITY COLLEGE DISTRICT, acting through LAHC, denied, incited a denial of, and/or made a distinction that denied full and equal accommodations, advantages, facilities, privileges and/or services to BREAHNA GREEN.

56. A substantial motivating reason for the conduct by LOS ANGELES COMMUNITY COLLEGE DISTRICT was BREAHNA GREEN's disability.

57. The conduct of LOS ANGELES COMMUNITY COLLEGE DISTRICT was a substantial factor in causing damages to BREAHNA GREEN.

58. Defendants' discriminatory conduct was intentional, willful, and demonstrated deliberate indifference to BREAHNA GREEN's federally protected rights.

59. The conduct of Defendants was a substantial factor in causing damages to BREAHNA GREEN, including educational harm, emotional distress, loss of future earnings, and ongoing damages.

60. LOS ANGELES COMMUNITY COLLEGE DISTRICT, acted with fraud, oppression, malice and/or conscious disregard for the rights of BREAHNA GREEN. As such, punitive damages in favor of BREHNA GREEN are warranted.

## FOURTH CAUSE OF ACTION

**DEPRIVATION OF FEDERAL RIGHTS (VIOLATION OF 42 U.S.C. § 1983) (against LOS ANGELES COMMUNITY COLLEGE DISTRICT and DOES 2-50)**

61. Plaintiff BREAHNA GREEN re-alleges and re-incorporates by reference all of the preceding allegations in ¶¶1-60, *supra*.

62. BREAHNA GREEN is a qualified individual with a disability, and Defendants were aware of Plaintiff's disability.

63. LOS ANGELES COMMUNITY COLLEGE DISTRICT is and at all relevant times was an educational program and a public entity receiving federal financial assistance.

64. BREAHNA GREEN, at all times relevant to this Complaint, was a student at LAHC, a public community college, within LOS ANGELES COMMUNITY COLLEGE DISTRICT.

65. Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT owed a duty to Plaintiff under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article 1, § 7 of the California Constitution to protect her right to equal protection of the laws, and also to refrain from discriminating against her on the basis of disability. This duty applied to reasonably accommodating her disability, engaging in an interactive dialogue, and properly investigating and responding to her complaints and/or grievances.

66. Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT acted pursuant to an official custom, policy, or practice of failing to reasonably accommodate students with disabilities, failing to engage in an interactive dialogue regarding requests for reasonable accommodations, and failing to properly investigate and respond to disabled students' complaints and/or grievances.

67. Plaintiff is informed and believes that the acts of Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT were intentional in failing to protect Plaintiff's equal protection of the laws, and an educational environment free of discrimination and that, at minimum, LOS ANGELES COMMUNITY COLLEGE DISTRICT was deliberately indifferent to the likelihood that Plaintiff would be subject to discrimination in LAHC'S response to BREAHNA GREEN'S requests for reasonable accommodations and complaints and/or grievances.

68. LOS ANGELES COMMUNITY COLLEGE DISTRICT has interfered with Plaintiff's right to be free from discrimination on the basis of disability in her educational institution without due process, lawful justification, or just compensation.

69. As a direct and proximate cause of the acts of LOS ANGELES COMMUNITY COLLEGE DISTRICT, its agents and employees, Plaintiff has suffered and continues to suffer damages including but not limited to severe emotional distress, educational harm, and loss of future earnings and is entitled to compensatory damages.

## FIFTH CAUSE OF ACTION

## NEGLIGENT HIRING, RETENTION, SUPERVISION AND TRAINING

## (against LOS ANGELES COMMUNITY COLLEGE DISTRICT)

70. Plaintiff BREAHNA GREEN re-alleges and re-incorporates by reference all of the preceding allegations in ¶¶1-69, supra.

71. LOS ANGELES COMMUNITY COLLEGE DISTRICT hired and retained Defendant CHRISTINA BRYANT, along with all other relevant LAHC personnel.

72. LOS ANGELES COMMUNITY COLLEGE DISTRICT managed, controlled and operated LAHC.

73. LOS ANGELES COMMUNITY COLLEGE DISTRICT was responsible for the supervision and training of Defendant CHRISTINA BRYANT, along with all other relevant LAHC personnel.

74. At all relevant times, LOS ANGELES COMMUNITY COLLEGE DISTRICT had a duty to supervise Defendant CHRISTINA BRYANT, along with all other relevant LAHC personnel.

75. At all relevant times, LOS ANGELES COMMUNITY COLLEGE DISTRICT had a duty to train Defendant CHRISTINA BRYANT, along with all other relevant LAHC personnel, to reasonably accommodate disabled students, to engage in

an interactive dialogue regarding reasonable accommodation, to not engage in discriminatory conduct, and to properly investigate and respond to student complaints and/or grievances.

76. LOS ANGELES COMMUNITY COLLEGE DISTRICT breached these duties.

77. The conduct of LOS ANGELES COMMUNITY COLLEGE DISTRICT was a substantial factor in causing damages to BREAHNA GREEN, including educational harm, emotional distress, loss of future earnings, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For removal of the October 23, 2023, Nursing 325 exam failure from BREAHNA GREEN's record and permission for her to retake the exam with the proper accommodations in place;

2. For reinstatement of BREAHNA GREEN to the LAHC Nursing Program;

3. For compensatory damages in an amount to be determined by proof at trial;

4. For punitive and exemplary damages, as against Defendants;

5. For costs of suit;

6. For reasonable attorneys' fees and costs as provided by statute; and

7. For such other and further relief as this Court deems just and proper.

Dated: February 20, 2026                **THE HAHN LEGAL GROUP** APC

By: *Adrienne R. Hahn*
ADRIENNE R. HAHN,
SAMANTHA D. LEVAK,
Attorneys for Plaintiff,
BREAHNA GREEN

Case 2:26-cv-01842-JLS-BFM   Document 1   Filed 02/20/26   Page 16 of 16   Page ID #:16

## DEMAND FOR JURY TRIAL

Plaintiff BREAHNA GREEN hereby demands a jury trial.

Dated: February 20, 2026          **THE HAHN LEGAL GROUP** <sup>APC</sup>

By: *Adrienne R. Hahn*
ADRIENNE R. HAHN,
SAMANTHA D. LEVAK,
Attorneys for Plaintiff,
BREAHNA GREEN

16
**COMPLAINT FOR DAMAGES**